IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Cr. No. 16-4290 KG

IGNACIO SALCIDO, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Ignacio Salcido's request that Jeffrey Lahann no longer represent him in this matter, including at the February 28, 2019, sentencing hearing, due to issues in communication. As background, the Court notes that this hearing was originally set in October 2017. (Doc. 66). On September 5, 2018, the Court found Mr. Salcido competent to stand trial. (Doc. 129).

The Court has appointed four attorneys to Mr. Salcido, and each attorney is competent. The number of attorneys appointed in this case is highly unusual, though the Court has endeavored to ensure Mr. Salcido have representation. More important than the number of attorneys appointed thus far, the Court construes Mr. Salcido's conduct as his clear unwillingness to accept representation.

The Court has also received twenty-eight letters directly from Mr. Salcido, prepared without counsel, and it appears counsel was not copied. (Docs. 93, 98, 103, 105, 114, 122, 125, 130, 133-35, 137, 141, 143, 146, 150-153, 158, 163, 165-171). Mr. Salcido has continued to send letters to the Court in violation of the Court's order to communicate with the Court only through his attorney. Moreover, Mr. Salcido's statements, both in his letters and his outbursts in

open court unreasonably complaining of his counsel, whoever he happened to be, further clearly indicate Mr. Salcido's unwillingness to accept representation.

In addition, the Court remains persuaded that Mr. Salcido is competent as required by law. Though Mr. Salcido's written and verbal statements may be somewhat rambling, he communicates intelligently and coherently, and, based on my observations of Mr. Salcido in open court, he remains competent.

The Court acknowledges that "[t]he Sixth Amendment guarantees the right to counsel during all 'critical stages of the prosecution,' and that this right is applicable during sentencing hearings." *United States v. Veras*, 51 F.3d 1365, 1369 (7th Cir.1995) (citations omitted). Nonetheless, criminal defendants do not have a right to *appointed* counsel of their choice. *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir.1993) (emphasis added).

This Court is guided by the Seventh Circuit, which has explained that a defendant can waive the right to counsel as follows:

> A defendant can waive his right to counsel through conduct as well as words. Because representation by counsel and self-representation are mutually exclusive entitlements, the assertion of one right constitutes a *de facto* waiver of the other.
>
> Additionally, we held in *United States v. Irorere,* 228 F.3d 816, 826 (7th Cir.2000), that a defendant may waive the right to counsel through his own "contumacious conduct." There, we upheld the district court's refusal to appoint counsel for the defendant's sentencing hearing because the defendant had already frustrated four of the court's attempts to provide counsel for him. *See id.* at 827. The facts of *Irorere* are strikingly similar to those of Traeger's case. Traeger went through three lawyers, firing them for questionable reasons. In the process, he managed to delay his sentencing for almost 2 years. We review the district court's refusal to appoint counsel for abuse of discretion and will not reverse unless the failure to do so would result in fundamental unfairness impinging on due process rights. *See id.* Under these circumstances, the district judge did not even come close to abusing his discretion in refusing to appoint a fourth lawyer to represent Traeger.

*United States v. Traeger,* 289 F.3d 461, 475 (7th Cir. 2002) (citations omitted).

At the sentencing hearing, the Court determined that Mr. Lahann be allowed to withdraw as counsel for Mr. Salcido due to communication issues. The Court also determined that Mr. Salcido waived his right to another appointed counsel. In making that determination, the Court finds that Mr. Salcido:

1. attempted to represent himself, for example, through a multitude of letters to the Court, while he had appointed counsel; and

2. caused considerable delay in this case by going through four competent lawyers, rejecting them for "questionable reasons," and, in doing so, delaying the sentencing hearing well over a year.

In other words, Mr. Salcido *de facto* waived his right to appointed counsel by engaging in self-representation and through his own "contumacious conduct" waived the right to appointed counsel.

Having waived the right to appointed counsel, Mr. Salcido had two options for proceeding: retaining counsel or self-representation. First, Mr. Salcido made it clear at the sentencing hearing that he did not intend to retain counsel. Even if he did intend to retain counsel, "[i]n the Sixth Amendment context, 'last minute requests' to retain new counsel are not only 'disfavored,' but also routinely denied...." *United States v. Smith*, 839 F.3d 456, 458 (5th Cir. 2016) (citations omitted).

Second, "[w]here a defendant has established a practice of hiring and firing attorneys with little or no apparent reason but at the same time is adamant that the defendant cannot proceed with the appointed counsel," it is proper "to order the defendant to proceed pro se" and "to order the appointed counsel to remain as a backup" or stand by counsel. 9 Fed. Proc., L. Ed.

§ 22:676 (Feb. 2019 update). Following this procedure, the Court ordered Mr. Salcido to proceed *pro se* and that Mr. Lahann remain at the sentencing hearing as stand by counsel.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE