IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                           CR No. 16-4290 KG

IGNACIO SALCIDO, Jr.,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court upon Defendant's *pro se* Motion for Compassionate Release/Reduction in Sentence, filed June 17, 2020.  (Doc. 205).  Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the basis that the COVID-19 pandemic poses an unreasonable risk of harm in federal prison.  This matter is also before the Court on Defendant's Motion to Appoint Counsel, filed July 9, 2020.  (Doc. 211).  The Government filed responses opposing both motions.  (Docs. 212 and 214).  Having carefully reviewed the record and applicable law, the Court will deny the Motion for Compassionate Release and the Motion to Appoint Counsel.

*I.  Background*

      On April 12, 2017, Defendant pled guilty to the charge of Transportation With Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a).  (Doc. 60).  On February 28, 2019, the Court sentenced Defendant to the mandatory minimum sentence of 120 months imprisonment, followed by five years of supervised release.  (Doc. 174).

      On June 17, 2020, Defendant filed the instant Motion seeking compassionate release due to COVID-19 being present at the Federal Medical Center in Fort Worth, Texas (FMC Fort

Worth), where he is incarcerated.  (Doc. 205).  Defendant states he has had three COVID-19 tests and they have all been negative.  *Id.* at 1.  Defendant also requests compassionate release because his mother has health issues and it would be difficult for Defendant's sister to care for her.  *Id.* at 7.  The Bureau of Prisons Inmate Locator reflects that Defendant is 42 years old, and his release date is March 1, 2025.  *See* https://www.bop.gov/inmateloc/, site last visited July 20, 2020.

In response, the Government argues that Defendant has not exhausted his administrative remedies because he has not made a request for compassionate release to the Bureau of Prisons (BOP).  (Doc. 212) at 7.  The Government further argues Defendant has not provided sufficient reasons for compassionate release and he still poses a significant danger to the safety of the community under the 18 U.S.C. § 3553(a) factors.  *Id.* at 9-14.  Accordingly, the Government asks the Court to deny Defendant's Motion for Compassionate Release.  *Id.* at 14.

## II.  Discussion

### A.  Motion to Appoint Counsel

As an initial matter, the Court denies Defendant's Motion to Appoint Counsel, (Doc. 211), for two reasons.  First, the constitutional right to assistance of counsel does not extend to motions for post-conviction relief.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Denson v. Abbott*, 301 Fed. Appx. 805, 807 (10th Cir. 2008) (unpublished) ("[T]here is no federal constitutional right to the assistance of counsel in post-conviction proceedings."); *United States v. Olden*, 296 Fed. Appx. 671, 673 (10th Cir. 2008) (unpublished) ("[N]o right to appointment of

counsel exists when pursuing relief under 18 U.S.C. § 3582(c).").  Second, as discussed below, Defendant does not demonstrate a colorable entitlement to compassionate release.

    *B.  Compassionate Release*

       Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c).  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at 5239.  Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ."  18 U.S.C. § 3582(c)(1)(A).

       Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards for compassionate release.  Relief is available where the sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples."  28 U.S.C. § 994(t).  *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release).  The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical

3

Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons."  U.S.S.G. § 1B1.13, cmt. n.1.

Some courts have found "extraordinary and compelling reasons" to justify compassionate release where the defendant's serious underlying health conditions place him at high risk of infection and death from COVID-19.  *See United States v. McCarthy*, 2020 WL 1698732, at \*5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at \*6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at \*3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes).  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at \*1 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

Here, Defendant does not allege that he exhausted his administrative remedies before filing his Motion for Compassionate Release with the Court.  *See* (Doc. 205).  The Government states it was unable to find a record of exhaustion from the facility where Defendant is located. (Doc. 212) at 7; (Doc. 212-1) (noting Defendant submitted a request for home confinement to the BOP on June 8, 2020, but did not request a sentence reduction or compassionate release under Section 3582).  As one court recently explained, "[t]he submission of a sufficient record to show exhaustion … is fundamental to this Court's function in deciding a compassionate release motion.  Congress clearly wanted these applications decided at the administrative level if

possible." *United States v. Bolino*, 2020 WL 32461, at *2 (E.D.N.Y.).  Therefore, the record

does not demonstrate that Defendant has exhausted his administrative remedies with the BOP.

*See United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan.) ("Based on the 'text,

context, and relevant historical treatment' of Section 3582(c), the Court treats as jurisdictional

the administrative exhaustion requirement in subsection (c)(1)(A).") (quoting *Musacchio v.*

*United States*, 136 S.Ct. 709, 717 (2016)); *see also United States v. Saldana*, 2020 WL 1486892,

at *4 (10th Cir.) (holding district court should dismiss Section 3582(c) motion for lack of

jurisdiction if movant fails to show that Section 3582(c) authorizes relief).

 In the alternative, even if Defendant has exhausted his administrative remedies, he does

not demonstrate sufficient "extraordinary and compelling" circumstances to justify

compassionate release.  Defendant does not allege that he suffers from any medical conditions

and notes that he has tested negative for COVID-19 three times.  *See* (Doc. 205).  The

Government states Defendant's medical records from 2019 and 2020 are "largely unremarkable"

and Defendant is classified as a "care level 1 inmate" on the BOP's 4-level medical classification

scale, which is the lowest care level and means Defendant is considered generally to be healthy.

(Doc. 212) at 12.  The Government further notes that as of July 15, 2020, there were 26 inmates

and four staff members who had tested positive for COVID-19 at FMC Fort Worth.  *Id.* at 7.

 To find "extraordinary and compelling reasons" for a sentence reduction based on a

defendant's medical condition, the defendant must be "suffering from a terminal illness (i.e., a

serious and advanced illness with an end of life trajectory)," or a serious physical or medical

condition "that substantially diminishes the ability of the defendant to provide self-care within

the environment of a correctional facility and from which he or she is not expected to recover."

U.S.S.G. § 1B1.13, cmt. n.1, (A)(i)-(ii).  Defendant does not allege or provide evidence of such serious health conditions or that he is at a significantly higher risk of infection and death from COVID-19.  Defendant also fails to show that FMC Fort Worth has a substantial outbreak of COVID-19 or that the facility is failing to take appropriate safety measures.  Accordingly, the Court cannot find "extraordinary and compelling reasons" to justify release.  *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *Nwankwo,* 2020 WL 2490044, at *1 (explaining "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

Defendant also requests compassionate release to care for his mother who is in failing health.  The Sentencing Guidelines provide that a defendant may qualify for a reduction in sentence based on family circumstances in certain situations where the defendant is needed to care for a spouse, partner, or child.  U.S.S.G. § 1B1.13, cmt. n.1, (C).  However, the Guidelines do not provide for a sentence reduction to care for a parent, so Defendant's request does not qualify under this provision.  The Guidelines also provide that a defendant may qualify for a reduction for "other reasons."  U.S.S.G. § 1B1.13, cmt. n.1, (1)(D).  Nevertheless, while the Sentencing Guidelines are advisory and this Court is sympathetic, Defendant has failed to establish there is no other family member or other reasonable option but himself to provide care to his mother.  *See United States v. Crandle*, 2020 WL 2188865, at *3, n.27 (M.D. La.) (gathering cases finding caring for elderly parents not sufficient to show "extraordinary and compelling" circumstances for release).

6

For the foregoing reasons, the Court finds Defendant's Motion for Compassionate Release is procedurally defective and fails to allege extraordinary and compelling reasons justifying a release.  Therefore, the Court will deny the Motion without reaching the factors addressing community safety and Section 3553(a).

IT IS THEREFORE ORDERED that Defendant's Motion to Appoint Counsel, (Doc. 211), and Motion for Compassionate Release, (Doc. 205), are denied.


_____
UNITED STATES DISTRICT JUDGE